B27 (Official Form 27) (12/09)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:

CLIFFORD O. ARNOTT
JUDITH A. ARNOTT,

Case No. 09-69008-TJT
Honorable THOMAS J. TUCKER
Chapter 7

Debtors.

P.O. Box 970885
Ypsilanti, MI 48197
XXX-XX-5311
XXX-XX-2547

_____ /

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's Name: **FORD MOTOR CREDIT COMPANY LLC**

2. Amount of the debt subject to this reaffirmation agreement:

   **$18,237.26** on the date of bankruptcy $17,768.21 (as of the date of the Disclosure Statement) to be paid under reaffirmation agreement

3. Annual percentage rate of interest: **11.09**% prior to bankruptcy

   **11.09**% under reaffirmation agreement ( **X** Fixed Rate ____ Adjustable Rate)

4. Repayment terms (if fixed rate): **See Below**

| Number of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 69 | $349.24 | Monthly starting November 28, 2009 |

5. Collateral, if any, securing the debt: Current market value: $19,000.00

   Description: **2010 Mercury Milan** (VIN: 3MEHM0HA2AR608445)

6. Does the creditor assert that the debt is nondischargeable? ___Yes **X** No
   (If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

Debtor's Schedule I and J Entries
7A. Total monthly income from $ **3,367.85**
Schedule I, line 16

8A. Total monthly expenses $ **4,308.90**
from Schedule J, line 18

9A. Total monthly payments on $ **349.24**
reaffirmed debts not listed on
Schedule J

Debtor's Income and Expenses
as Stated on Reaffirmation Agreement

7B. Monthly income from all $ **2,973.85**
sources after payroll deductions

8B. Monthly expenses $ **2,575.15**

9B. Total monthly payments on $ **349.24**
reaffirmed debts not included in
monthly expenses

10B. Net monthly income $ **49.46**
(Subtract sum of lines 8B and 9B from
line 7B. If total is less than zero, put the

11. Explain with specificity any difference between the income amounts (7A and 7B):
Income reduced due to loss of income (disability)

12. Explain with specificity any difference between the expense amounts (8A and 8B):
Expenses reduced as a result of change in residence, lower monthly expenses due to area, reduced insurance payments, tax liabilities, et
We anticipate we can afford this reaffirmation without any hardship.

If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.

/S/ _____  /S/ _____
Signature of Debtor (only required if        Signature of Joint Debtor (if applicable, and only
line 11 or 12 is completed)                  required if line 11 or 12 is completed)

### Other Information

☐ Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt: _____

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
__X__ Yes  _____ No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
__X__ Yes  _____ No

### FILER'S CERTIFICATION

I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

/S/ _____
Signature

Jeffery R. Sieving (P71625)
Kilpatrick & Associates, PC
Attorney For Creditor
903 N. Opdyke, Suite C, Auburn Hills, MI 48326
ecf@kaalaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:

CLIFFORD O. ARNOTT  
JUDITH A. ARNOTT,

    Debtors.

P.O. Box 970885  
Ypsilanti, MI 48197  
XXX-XX-5311  
XXX-XX-2547

Case No. 09-69008-TJT  
Honorable THOMAS J. TUCKER  
Chapter 7

## REAFFIRMATION AGREEMENT

*[Indicate all documents included in this filing by checking each applicable box]*

| | | | |
|---|---|---|---|
| ☒ | Part A: Disclosure Statement (Pages 1-3) | ☒ | Part D: Debtor's Statement in Support of Reaffirmation Agreement (Page 6) |
| ☒ | Part B: Reaffirmation Agreement (Page 4) | ☒ | Part E: Motion for Court Approval (Page 7) |
| ☒ | Part C: Certification by Debtor's Attorney (Page 5) | ☒ | Proposed Order Approving Reaffirmation Agreement (Page 8) |

### PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR(S)

☐   A presumption of undue hardship has been established with respect to this agreement.

**1. DISCLOSURE STATEMENT**

DATE OF DISCLOSURE STATEMENT: October 30, 2009

BEFORE AGREEING TO REAFFIRM A DEBT, REVIEW THESE IMPORTANT DISCLOSURES:

SUMMARY OF REAFFIRMATION AGREEMENT. This Summary is made pursuant to the requirements of the Bankruptcy Code.

| AMOUNT REAFFIRMED: | ANNUAL PERCENTAGE RATE: |
|---|---|
| $17,768.21 | 11.09% |
| This is the amount of debt you have agreed to reaffirm. Your credit agreement may obligate you to pay additional amounts, which may come due after the date of this disclosure statement. Consult your credit agreement.<br><br>The "AMOUNT REAFFIRMED" disclosed above includes the following fees and costs:<br><br>Attorney Fees: $ _____<br>Costs: $ _____ | |

**Notice of Security Interest:** A security interest or lien in goods or property is asserted over the debt that you are reaffirming. Ford Motor Credit Company LLC ("Creditor") has a security interest in the motor vehicle described below:

Motor Vehicle: 2010 Mercury Milan (VIN: 3MEHM0HA2AR608445)      Original Purchase Price: $23,281.13

Page 1

Account No.: 1375

## REPAYMENT SCHEDULE

Your Payment Schedule will be:

| Number of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 68 | $349.24 | Monthly starting December 28, 2009 |

**Simple Interest Contract Disclosure**: Your credit agreement is a simple interest contract. Please review your credit agreement for an explanation on how early or late payments effect the amount of interest due on your credit agreement.

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR(S)

**NOTE:** When this disclosure refers to what a creditor 'may' do, it does not use the word 'may' to give the creditor specific permission. The word 'may' is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

Reaffirming a debt is a serious financial decision. The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a security agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

**YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT.** You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

**WHAT ARE YOUR OBLIGATIONS IF YOU REAFFIRM THIS DEBT?** A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

**ARE YOU REQUIRED TO ENTER INTO A REAFFIRMATION AGREEMENT BY ANY LAW?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

**WHAT IF YOUR CREDITOR HAS A SECURITY INTEREST OR LIEN?** Your bankruptcy discharge does not eliminate any lien on your property. A 'lien' is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

Page 3

Account No.: 1375

## PART B: REAFFIRMATION AGREEMENT

I agree to reaffirm the debts arising under the credit agreement described below.

---

**BRIEF DESCRIPTION OF CREDIT AGREEMENT:**

Retail Installment Contract Date: 07/29/2009     Account No.: 1375

Motor Vehicle: 2010 Mercury Milan (VIN: 3MEHM0HA2AR608445)

---

I agree to be bound by all the terms and conditions of the credit agreement, which is hereby incorporated by reference. I agree to the "ANNUAL PERCENTAGE RATE" disclosed in the PART A: DISCLOSURE STATEMENT. I agree to pay the "AMOUNT REAFFIRMED" disclosed in the PART A: DISCLOSURE STATEMENT. I agree to make monthly payments described in the REPAYMENT SCHEDULE disclosed in the PART A: DISCLOSURE STATEMENT each month until the debt has been satisfied. If the Creditor has agreed to any changes to the credit agreement as part of this Reaffirmation Agreement, such changes are listed below:

**Description of any changes to the credit agreement made as part of this reaffirmation agreement:**

_____
_____
_____

**DEBTOR AGREES TO MAIL TO CREDITOR ANY NOTICE OF RESCISSION TO THE CREDITOR AT THE FOLLOWING ADDRESS:**

Kilpatrick & Associates, P.C.
903 N. Opdyke Rd., Suite C.
Auburn Hills, MI 48326

SIGNATURE(S):

Borrower (Debtor):
CLIFFORD O. ARNOTT
(Print name)
/s/ *(signature)*
(Signature)
Date: 12-3-09

Co-borrower (Co-Debtor), if also reaffirming these debts:
JUDITH A. ARNOTT
(Print name)
/s/ *(signature)*
(Signature)
Date: 12-3-09

Accepted by Creditor:

KILPATRICK & ASSOCIATES, P.C.
903 North Opdyke Road, Suite C
Auburn Hills, MI 48326
(248) 377-0700     ecf@kaalaw.com

Jeffery R. Sieving (P716125)
(Print name)
/s/ *(signature)*
(Signature)

Date of Creditor Acceptance: 12/22/09

Page 4

Account No.: 1375

## PART C: CERTIFICATION BY DEBTOR'S ATTORNEY

I hereby certify that:

1) this agreement represents a fully informed and voluntary agreement by the debtor,
2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and
3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

*[Check the following box if the presumption of undue hardship exists for this agreement]*

☒ A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payments under the Reaffirmation Agreement.

**By signing below, I affirm that I have complied with the certification requirement of 11 U.S.C. §524(k)(5)(A) and (k)(5)(B). (1, 2, and 3 above)**

Signature of Debtor's Attorney: /s/ Robert Keyes     Date: 12/7/09
(TYPED OR PRINTED NAME) John R. Keyes (P68856)
300 North Huron Street,
Ypsilanti, MI 48197
(734) 662-1590
ecf@doddkeyeslaw.com

Page 5

Account No.: 1375

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ $2,973.85 , and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ 2,575.15 , leaving $ 398.70 to make the required payments on this reaffirmed debt. I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make payments here:

2. Rule 4008 Comparison of Net Monthly Income and Current Monthly Expenses as listed in this Reaffirmation Agreement with Net Monthly Income and Current Monthly Expenses as stated in Schedules I and J:

The total net monthly income (take home pay plus any other income received) as stated on my Schedule I is $ 3,367.85 , and the total monthly expenses as listed on Schedule J is $ 4,308.90 .

These amounts are (check one):

☐ The same as the net monthly income and total monthly expenses as listed in the Debtor's Statement above required by 11 U.S.C. § 524 (k), or

☒ Different from the net monthly income and total monthly expenses as listed in the Debtor's Statement above required by 11 U.S.C. § 524 (k). If different, the Debtors must include an explanation of any difference here:

Income reduced due to loss of job (disability) Expenses reduced as a result of change of residence, lower monthly expenses due to area, reduced insurance payments, tax liabilities, etc. We anticipate we can afford this reaffirmation without any hardship.

3. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Debtor's Signature: /s/ [signature] Date: 12-3-09

Co-Debtor's Signature: /s/ [signature] Date: 12-3-09

Page 6

Account No.: 1375